## Thomas Hoover, Plff. in Err., *v.* Elias Hoover.

In an action of ejectment, the plaintiff showed that in 1877, by proceedings in partition, one of the purparts, consisting of the land in controversy, was adjudged to him, he giving the usual recognizance. The defendant alleged that in pursuance of a previous agreement the plaintiff, who was his brother, had taken the said purpart for him at a valuation of $1,400; that the defendant had assigned to the plaintiff his interest in their father's estate worth $1,600, to be used in adjusting the valuation money of the land thus taken for his benefit, and that the same was so applied; and that the defendant had continued to hold the land since the partition, in his own right. Several witnesses testified to repeated declar-

ations of the plaintiff made at the time of the partition as well as before and after, that he would take the land for the defendant, that he was taking it for him, and that he had so taken it. It appeared that defendant had assigned his interest in their father's estate to the plaintiff, who had used it as defendant alleged in equalizing the shares of the respective distributees. Defendant's wife testified that he was a very dumb man and that the plaintiff had coaxed him to make the said assignment. There was some evidence on the part of plaintiff that the assignment was for another purpose. *Held*, that there was evidence from which the jury might have found that the defendant's allegations were true, and that it was error for the court to instruct the jury to find a verdict for the plaintiff.

(Argued June 1, 1887. Decided January 30, 1888.)

May Term, 1887, No. 24, M. D., before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Dauphin County to review a judgment against the defendant. Reversed.

This was an action of ejectment by Elias Hoover against Thomas Hoover for a tract of land.

The principal facts of the case will be found in the opinion of the court.

The court below withdrew the case from the jury, instructing them to find a verdict for the plaintiff on the ground that there had not been sufficient evidence submitted by the defendant to make out a defense.

Verdict and judgment having been rendered for the plaintiff, defendant took this writ, specifying as error the action of the court in withdrawing the case from the jury.

*J. C. McAlarney,* for plaintiff in error.—In Harrold v. Lane, 53 Pa. 268, under proceedings in partition, land of a decedent was sold by order of the orphans' court, to one of the heirs. On ejectment by the purchaser, the defendant, another of the heirs, gave evidence that there had been an arrangement made that it should be purchased by four of the heirs, that she had paid the purchase money for her one fourth, with her interest in the estate. On the trial, the court withdrew the cause from the jury, and directed a verdict for plaintiff. Held to be error, as such evidence was sufficient to establish a resulting trust, unless negatived in the belief of the jury.

When a party has acquired the legal title to property by un-

fair means, he will be assumed to hold it in trust for the injured party. Christy v. Sill, 95 Pa. 380.

A resulting trust is raised from fraud in obtaining the title or payment of the purchase money. Stafford v. Wheeler, 93 Pa. 462; Nixon's Appeal, 63 Pa. 282.

As the statute of frauds and perjuries does not prevent a declaration of trust by parol, the court erred in taking the case from the jury. Wiser v. Allen, 92 Pa. 317.

There must be evidence of such a character that the mind may reasonably rest upon it, although it may be with some hesitation. All that is required is that there shall be evidence of circumstances of which the conclusion asked for may be reasonably predicated. Raby v. Cell, 85 Pa. 80.

Where there is any evidence which alone would justify an inference of the disputed fact, it must go to the jury, however strong or persuasive may be the countervailing proof. Egbert v. Payne, 1 Pennyp. 359; Howard Exp. Co. v. Wile, 64 Pa. 201.

If there is evidence from which the jury can properly find the question for the party on whom the burden of proof rests, it should be submitted. Hyatt v. Johnston, 91 Pa. 196; Shank v. Simpson, 114 Pa. 208, 6 Atl. 847. When there has been any impeachment, however slight, of the fairness of an assignment, full proof of the consideration is required. Hancock's Appeal, 34 Pa. 156; Twitchell v. McMurtrie, 77 Pa. 387; Faust v. Haas, 73 Pa. 300.

*Lewis M. Neiffer* and *Levi B. Alricks,* for defendant in error. —The money secured by the recognizance is considered personal property for all purposes except descent. Ebbs v. Com. 11 Pa. 377.

There was no resulting trust, because the recognizance perfected the title in the plaintiff below; and a subsequent payment, even if made (which was denied), will not answer the requirements of the law. Nixon's Appeal, 63 Pa. 282; Stafford v. Wheeler, 93 Pa. 462.

The judge alone is the chancellor. The province of the jury is to aid him in ascertaining the facts out of which the equities arise. If the facts are not disputed, he is to declare their effect and determine whether the claim or the defense is well founded. A chancellor is judge both of the equity and of the facts. It is in his discretion whether he will send an issue to a jury; and

if he does, their verdict is only advisory. It is not conclusive
upon him. Whenever, therefore, upon the trial of an ejectment,
founded upon an equitable title, the court is of opinion that the
facts proved do not make out a case in which a chancellor would
decree a conveyance, it is its duty to give binding instruction to
that effect to the jury. Todd v. Campbell, 32 Pa. 252. See also
Moore v. Small, 19 Pa. 461; De France v. De France, 34 Pa.
385; Church v. Ruland, 64 Pa. 441; McBarron v. Glass, 30 Pa.
133; Bennett v. Fulmer, 49 Pa. 162; Miller v. Hartle, 53 Pa.
111; Faust v. Haas, 73 Pa. 300.

OPINION BY MR. JUSTICE STERRETT:

Both parties to this contention claim under their father, John
Hoover, who died intestate, seised of real estate valued at nearly
$12,000, leaving to survive him five children and descendants
of three deceased children. In September, 1877, by proceed-
ings in partition, one of the purparts, consisting of the land in
controversy, was adjudged to Elias Hoover, plaintiff below, upon
his giving recognizance in the usual form, which was done. Be-
ing thus invested with the legal title, he was prima facie entitled
to the possession; and hence the binding instructions complained
of were rightly given, unless there was evidence proper for the
consideration of the jury tending to prove a valid equitable title
and right of possession in defendant below. It is contended that
there was such evidence, and that is the only question involved
in the specification of error.

The defense was that, in pursuance of a previous agreement
between the two brothers, Elias appeared in court and took the
purpart in controversy at the valuation of $1,437.05, not in his
own right, but for his brother Thomas; that, as part of the agree-
ment, the latter assigned his interest in their father's estate,
worth about $1,600, to be used in adjusting the valuation money
of the land thus taken for Thomas's benefit, and the same was
so applied; that immediately after the partition Thomas went
into possession of the land, and has continued to hold the same
ever since in his own right.

Without referring in detail to the evidence introduced and
relied on by the defendant below, it is sufficient to say that it
tended to prove the allegations of fact upon which he based his
defense. Several of the witnesses testified to repeated declara-
tions of plaintiff below, made at the time the decree in partition

was entered, as well as before and afterwards, to the effect that he would take the land in question for Thomas; that he was taking it for him, and again that he had taken it for Thomas. The fact that Thomas's interest in the estate was assigned to Elias, and used by him in equalizing the shares of the respective distributees was clearly shown. The reason given by the plaintiff below for taking the purpart in his own name for the benefit of his brother Thomas was also referred to by some of the witnesses. Among other things Thomas's wife testified: "Elias came to our house and coaxed Tom to make the assignment— that he should make it to him or else he would be cheated out of his whole interest—that Tom is such a very dumb man that he can transact no such business, and that he must have a man to take care of him; that everything would go right, if he would make it that way."

There was some evidence on the other side, tending to show that the assignment of Thomas's interest in his father's estate was made for a different purpose; but it was for the jury to say whether the facts alleged by plaintiff in error were true or not.

There was evidence from which the jury might have found that plaintiff below agreed to take and did take the land in question for his brother, paid for the same with his interest in their father's estate, assigned by him for that purpose, and possession was taken and held in pursuance of that arrangement. We, therefore, think the case should have been submitted to the jury with proper instructions as to what was necessary to justify a verdict in favor of defendant below against the admitted legal title of the plaintiff. The assignment of error is sustained.

Judgment reversed, and a *venire facias de novo* awarded.